```
                IN THE UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY


UNITED STATES OF AMERICA      :    HONORABLE NOEL L. HILLMAN
                              :    CRIMINAL NO. 13-154
     v.                       :
                              :         **OPINION**
WILLIAM KLOTZ                 :
```

**APPEARANCES:**

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By:  Jacqueline M. Carle, AUSA
401 Market Street, 4th Floor
P.O. Box 2098
Camden, New Jersey 08101

WILLIAM KLOTZ, *pro se*
#64711-050
FCI Schuylkill
P.O. Box 759
Minersville, Pennsylvania 17954-0759

**HILLMAN**, United States District Judge:

   Presently before the Court is Defendant William Klotz's Motion for Reconsideration of the Court's Order of September 1, 2015, denying Defendant's "Drug Minus Two" Motion. (See Docket # 30)  For the reasons stated herein, the Motion on will be denied.

1

I.

The relevant facts are set forth in the prior decision, and are incorporated herein by reference.

Judge Irenas previously held that Defendant was ineligible for a sentence reduction because "[a]pplication of the Amendment would result in an amended guideline range of 84 to 105 months; however Defendant's sentence is already 77 months.  In short, Amendment 782 does not permit the Court to further reduce Defendant's sentence." (Order of Sept. 1, 2015, ¶ 4)[1]

II.

Though Defendant styles his instant motion as a motion under Federal Rule of Civil Procedure 60(b), this is a *criminal* proceeding to which the rules of *civil* procedure do not apply.[2] Procedural issues aside, however, the relief Defendant seeks is clear: he asserts that denying the previous motion for a sentence reduction was error; accordingly, he asks the Court to reduce his sentence.

---

[1] Senior United States District Judge Irenas passed away October 15, 2015.  This case was reassigned to the undersigned.

[2] Similarly, the Government argues that Defendant's motion is untimely under Local Civil Rule 7.1.  That argument fails because Rule 7.1 does not apply to criminal cases, and there is no analogous criminal rule.

2

The motion will be denied.  The Court did not err. Amendment 782 does not permit the Court to impose a sentence lower than the amended guideline range.  The Sentencing Guidelines themselves explicitly provide, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A). Defendant's 77-month sentence is lower than the lower limit of his amended guideline range, which is 84 months.  Therefore the Court cannot grant the relief Defendant seeks.

### III.

For the above-stated reasons, Defendant's Motion for Reconsideration will be denied.  An appropriate order accompanies this opinion.

Dated: April 11, 2016
At Camden, New Jersey                     __s/ Noel L. Hillman_____
                                          NOEL L. HILLMAN, U.S.D.J.

3